Michael T. Kitson, WSBA No. 41681
LANE POWELL PC
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, Washington 98111-9402
Telephone: 206.223.7000
Facsimile: 206.223.7107
kitsonm@lanepowell.com
Attorneys for Defendant, Spokane County
Sheriff's Office

HONORABLE SALVADOR
MENDOZA JR.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

ANDREW M. RICHMOND, a
Washington Resident,

                          Plaintiff,

          v.

SPOKANE COUNTY SHERIFF'S
OFFICE, a division of Spokane
County, Washington (a Washington
State County),,

                          Defendant.

No. 2:21-cv-00129-SMJ

**ANSWER TO COMPLAINT**

## **INTRODUCTION**

Defendant Spokane County Sheriff's Office ("SCSO")[1] hereby admit and deny the allegations in Plaintiff's Complaint as follows:

---

[1] Plaintiff names Spokane County Sheriff's Office as the sole defendant in his Complaint. Spokane County Sheriff's Office is not a proper defendant because Spokane County Sheriff's Office, a department of Spokane County, is not an entity capable of being sued. *Tahraoui v. Brown*, 185 Wn. App. 1051, 2015 WL 563806 at * 7-8 (2015); *see also, Nolan v. Snohomish County*, 59 Wn. App. 876, 883, 802 P.2d 792 (1990); *Broyles v. Thurston County*, 147 Wn. App. 409, 427-28, 195 P.3d 985 (2008).

ANSWER TO COMPLAINT - 1
CASE NO. 2:21-cv-00129-SMJ

132724.0005/8428708.3

Plaintiff's Complaint includes introductory text including quotations of a UC Davis Law Review Article and a Spokesman Review online article. The content of those articles speak for themselves. Defendant admits that Plaintiff reported racist comments by another law enforcement officer, Jeffrey Thurman, and Thurman was later terminated. Plaintiff denies the remaining allegations in the introduction to the Complaint.

## PARTIES, JURISDICTION, AND VENUE

1.      Defendant is without sufficient knowledge or information to affirm or deny Plaintiff's averments in Paragraph 1 and therefore deny the same.

2.      Defendant Spokane County Sheriff's Office admits it is a department of Spokane County, which is municipal corporation in the State of Washington.

3.      Admitted.

4.      Defendant admits that there is jurisdiction in this Court for Plaintiff's federal claims under Title VII. Defendant denies that jurisdiction is proper for Plaintiff's state law claims under the Washington Law Against Discrimination ("WLAD") because Plaintiff did not comply with the Washington tort claim statute, RCW 4.96.020, prior to initiating this lawsuit.

## RELEVANT FACTS

5.      Defendant admits that Plaintiff is African-American and was employed as a Deputy Sheriff by Spokane County in the Spokane County Sheriff's Office ("SCSO") until on or about August 12, 2019. Defendant admits that Plaintiff was one of two Black law enforcement officers employed by the SCSO at the time of Plaintiff's employment.

6.      Defendant admits that it currently has approximately 209 commissioned law enforcement officers. Defendant admits that per the U.S. Census Bureau, Spokane County has an approximate population of 523,000 people as of

ANSWER TO COMPLAINT - 2
CASE NO. 2:21-cv-00129-SMJ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

132724.0005/8428708.3

2019; 2% of that population is Black and/or African-American; and 9.1% of the remaining population is non-White.

7.    Defendant admits that Plaintiff reported the incident described in Paragraph 7 to the SCSO Office of Professional Standards, which performed an internal affairs ("IA") investigation. That investigation revealed objective evidence that Thurman made a racist statement to Deputy Kullman, namely, that Thurman asked Kullman if he was "ready to go out and kill some n*****s." Defendant admits that Thurman and Deputy Kullman are white. Defendant is unable to determine the personal knowledge of Plaintiff, therefore lacks sufficient information to admit or deny the remaining allegations, and therefore deny the averments in Paragraph 7. To the extent Plaintiff alleges anything different than what is expressly admitted, Defendant denies the same.

8.    Defendant is unable to determine what "Thurman was told" about Plaintiff being present and hearing Thurman's statements, and therefore lacks sufficient information to admit or deny that allegation, and therefore denies it. Defendant admits that Plaintiff stated during an IA investigation that Thurman approached Plaintiff shortly after the alleged racist statement and said he had only been referring to "inner city" Black people who "loot and riot," and Thurman denied this allegation. Plaintiff does not define what he means by "inner city," "peaceful protest," or "looting," and on that basis Defendant denies the remaining allegations in Paragraph 8. To the extent Plaintiff alleges anything different than what is expressly admitted, Defendant denies the same.

9.    Defendant admits Thurman was recognized for performing well in certain areas during the time he was employed by SCSO, and was well respected by some members of the SCSO. Defendant admits that Thurman was employed at the SCSO beginning in 2001, and that during a period of his employment at SCSO, Thurman was a K-9 handler, and that one of his dogs was Laslo. Defendant admits

ANSWER TO COMPLAINT - 3
CASE NO. 2:21-cv-00129-SMJ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

132724.0005/8428708.3

1    that its IA investigation revealed that Richmond had reported Thurman's racist

2    comments to Sergeants Elliott, Simmons, and Buell, and that all three Sergeants

3    were Mr. Richmond's superiors. Defendant admits that those three Sergeants should

4    have reported Mr. Richmond's allegations up the chain of command. Defendant

5    admits that Sgt. Simmons was the only other Black law enforcement officer at SCSO

6    at the time. Defendant is unable to determine whether Plaintiff was "shaken" by

7    Thurman's comments or whether he "was not quite sure what to do," and therefore

8    lacks sufficient information to admit or deny that allegation, and therefore denies it.

9    Defendant is unable to determine what Deputy Kullman may have reported to

10   "anyone," and therefore lacks sufficient information to admit or deny that allegation,

11   and therefore denies it. To the extent Plaintiff alleges anything different than what

12   is expressly admitted, Defendant denies the same.

13       10.    Defendant admits that in May 2019, Plaintiff reported Thurman's racist

14   statement to a representative of the Spokane County Deputy Sheriffs Association,

15   which later resulted in the opening of an IA investigation. Defendant admits that

16   during the IA investigation Richmond alleged that he was discriminated against

17   during the ASU selection process, and reported Thurman's racist comments.

18   Defendant is unable to determine what "other retaliatory actions" Plaintiff may have

19   reported between December 2016 and May 2019, and therefore lacks sufficient

20   information to admit or deny that allegation, and therefore denies it. To the extent

21   Plaintiff alleges anything different than what is expressly admitted, Defendant

22   denies the same.

23       11.    Defendant admits that Plaintiff reported the alleged ASU selection

24   discrimination, and Thurman's racist comments, to Kevin Richey. Defendant admits

25   that, with respect to the ASU selection process allegation, Richey later contacted

26   Undersheriff Ellis. Defendant admits that an IA investigation began in May 2019

27   after Plaintiff reported the alleged ASU selection discrimination and Thurman racist

ANSWER TO COMPLAINT - 4
CASE NO. 2:21-cv-00129-SMJ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

1    comments. Defendant further admits that Richmond did not have a specialty position
2    at the time he applied for the ASU position. Defendant denies the remaining
3    allegations in Paragraph 11. To the extent Plaintiff alleges anything different than
4    what is expressly admitted, Defendant denies the same.

5        12.    Defendant admits that multiple SCSO officers were interviewed during
6    the Thurman IA investigation, including deputies Kullman and Van Patten.
7    Defendant admits Deputy Kullman stated in his IA interview that: he and Thurman
8    were "very close"; he had heard Thurman use the word "nigger" "more than once";
9    Thurman used that word when angry or joking, or when discussing Black Lives
10   Matter, or when a police officer is killed; and that he did not recount any specific
11   incidents of Thurman using the word "nigger." Defendant denies that Deputy
12   Kullman reported in his IA interview "that Thurman often 'talked about killing
13   African Americans.'" Defendant is unable to determine whether Deputy Kullman
14   "at no time" reported the incidents of Thurman using the word "nigger," and
15   therefore lacks sufficient information to admit or deny that allegation, and therefore
16   denies it. Defendant admits that Deputy VanPatten reported to IA that she had heard
17   Thurman use the word "nigger" on one occasion. Defendant admits that Deputy Van
18   Patten reported to the IA investigator that she had heard from Plaintiff of an incident
19   where Thurman made inappropriate comments to another female deputy. To the
20   extent Plaintiff alleges anything different than what is expressly admitted, Defendant
21   denies the same.

22       13.    Defendant admits that Sergeant Hines interviewed Plaintiff as part of
23   the IA investigation on May 8, 2019. Defendant admits that during the interview
24   Plaintiff reported that he was concerned that he may have been discriminated against
25   because of his race. Defendant denies that Plaintiff reported any incident of
26   retaliation in the IA interview. To the extent Plaintiff alleges anything different than
27   what is expressly admitted, Defendant denies the same.

ANSWER TO COMPLAINT - 5
CASE NO. 2:21-cv-00129-SMJ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

14.    Defendant admits that Plaintiff informed Sgt. Hines in the IA interview that: Deputy Bitzer told Plaintiff that her ASU interview panel b's'd with her the whole time, and that they didn't really ask her anything.[2] Defendant denies that Deputy Bitzer was given the answers in advance of her interview to potential questions by "ASU members." Defendant admits that the ASU panel asked Richmond a series of questions, and that Thurman was on the ASU interview panel. Plaintiff's allegation that Thurman was made a part of the ASU team during the interviews is unintelligible, and on that basis Defendant denies it. To the extent Plaintiff alleges anything different than what is expressly admitted, Defendant denies the same.

15.    Defendant admits that had Plaintiff received an ASU position, he may have had the opportunity to work overtime, and he would have received additional training. Defendant admits that Sgt. Bloomer has denied the allegations in Paragraph 15 pertaining to him. Defendant denies the remaining allegations in Paragraph 15. To the extent Plaintiff alleges anything different than what is expressly admitted, Defendant denies the same.

16.    Denied.

17.    Defendant admits that Plaintiff's complaint that he was discriminated against in the ASU selection process was not sustained as a result of an IA investigation. Defendant admits that Sheriff Knezovich had no reason to doubt that Plaintiff was telling the truth about Thurman's racist comments. Defendant admits

---

[2] Defendant admits that Deputy Bitzer recounted in her IA interview comments made by Thurman to her during an ASU meeting, including that she and Thurman would have to share a hotel room, and that she might end up pregnant because there would be a lot of single men at the conference. Deputy Bitzer stated in her IA interview she understood Thurman's comments to be joking.

ANSWER TO COMPLAINT - 6
CASE NO. 2:21-cv-00129-SMJ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

132724.0005/8428708.3

that Plaintiff raised concerns about Ellis's relationship with Thurman. To the extent Plaintiff alleges anything different than what is expressly admitted, Defendant denies the same.

18.     Defendant admits that Thurman was advised on June 13, 2019 that his employment was being terminated as a result of the IA investigation. Defendant further admits that Thurman submitted a written *Loudermill* response but did not show up for an in-person meeting with Sheriff Knezovich.

19.     Defendant admits that Sheriff Knezovich held a press conference on June 13, 2019. The existence and content of any news articles regarding the press conference speak for themselves. The transcript of the press conference speaks for itself. Defendant admits that it issued a press release regarding Thurman's termination; the content of that press release speaks for itself. Defendant denies that the press release stated that Sheriff Knezovich initiated the investigation into Thurman.

20.     Defendant denies that Sheriff Knezovich failed to protect Plaintiff after Thurman was terminated. Defendant is unable to determine whether, shortly after the press conference, members of the community began making public accusations against Plaintiff, and therefore lacks sufficient information to admit or deny that allegation, and therefore denies it. Defendant admits that it prepared a memo dated June 13, 2019 with the subject "Posting of Disciplinary Action" regarding Thurman. The memo directed each division commander / lieutenant / supervisor to read and/or inform their employees of the findings and conclusions of the IA investigation. Defendant admits that Plaintiff's name appears in the memo, but denies that he was identified as the complainant. Defendant admits it is likely Lt. Zollarz read the memo aloud, but Defendant is unable to determine who and how many SCSO deputies were present at the time, and therefore lacks sufficient information to admit or deny that allegation, and therefore denies it. Defendant is unable to determine what other

ANSWER TO COMPLAINT - 7
CASE NO. 2:21-cv-00129-SMJ

132724.0005/8428708.3

1  deputies told Plaintiff about the memo being read, and therefore lacks sufficient
2  information to admit or deny that allegation, and therefore denies it. Defendant
3  denies that it assured Plaintiff his name would not be released. Defendant is unable
4  to determine whether Plaintiff immediately began being questioned by co-workers,
5  and therefore lacks sufficient information to admit or deny that allegation, and
6  therefore denies it. To the extent Plaintiff alleges anything different than what is
7  expressly admitted, Defendant denies the same.

8       21.    Defendant is unable to determine who informed Plaintiff that other
9  ASU members had listened to audio recordings of the IA interviews or who informed
10  Plaintiff that his interview was discussed in a group setting; Defendant therefore
11  lacks sufficient information to admit or deny those allegations, and therefore denies
12  them. Defendant denies the remaining allegations in Paragraph 21.

13      22.    Defendant admits that Plaintiff requested that the IA investigation into
14  the ASU selection process continue after Thurman's termination. Defendant admits
15  that Lt. Steve Jones performed some additional investigation into certain aspects of
16  the ASU selection process. Defendant denies the remaining allegations in Paragraph
17  22. To the extent Plaintiff alleges anything different than what is expressly admitted,
18  Defendant denies the same.

19      23.    Defendant is unable to determine what Richmond learned about Chief
20  Werner and Inspector Lyons; Defendant therefore lacks sufficient information to
21  admit or deny those allegations, and therefore denies them. Defendant admits that
22  Plaintiff was assigned to the Spokane Valley precinct in May 2019, and that Chief
23  Werner and Inspector Lyons were his superiors in that precinct. Defendant lacks
24  sufficient information to admit or deny what Lyons and Werner specifically stated
25  to "SCSO staff." Defendant denies the remaining allegations in Paragraph 23. To the
26  extent Plaintiff alleges anything different than what is expressly admitted, Defendant
27  denies the same.

ANSWER TO COMPLAINT - 8
CASE NO. 2:21-cv-00129-SMJ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

24.     Defendant admits that Sheriff Knezovich called Plaintiff on or around July 8, 2019. Defendant admits that no disciplinary actions were taken against Lyons or Werner related to the Thurman IA investigation. Defendant denies the remaining allegations in Paragraph 24. To the extent Plaintiff alleges anything different than what is expressly admitted, Defendant denies the same.

25.     Defendant is unable to determine what Thurman has reported to current SCSO personnel after his termination, or what text messages Plaintiff may have obtained, or the content of those text messages; Defendant therefore lacks sufficient information to admit or deny those allegations, and therefore denies them.

26.     Defendant admits that Plaintiff submitted his resignation from the SCSO on or about July 29, 2019, but denies that it was due to retaliation. Defendant is unable to determine whether Plaintiff "took a substantial pay cut" or "lost his rank" when he took a new position with the Spokane Police Department; Defendant therefore lacks sufficient information to admit or deny those allegations, and therefore denies them. Defendant denies the SCSO has a toxic culture. To the extent Plaintiff alleges anything different than what is expressly admitted, Defendant denies the same.

27.     Defendant is unable to determine what rumors may continue to this day or whether Deputy Getchell made the comments alleged in Paragraph 27; Defendant therefore lacks sufficient information to admit or deny those allegations, and therefore denies them. Defendant denies the remaining allegations in Paragraph 27.

## **NOTICE OF RIGHT TO SUE**

28.     The averments in Paragraph 28 call for legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 28.

ANSWER TO COMPLAINT - 9
CASE NO. 2:21-cv-00129-SMJ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

## FIRST CAUSE OF ACTION

### DISCRIMINATION BASED ON RACE
### (Title VII, 42 U.S.C. §2000e-2 and WLAD, RCW 49.60.180)

29.    Defendant incorporates its prior answers as if fully set forth herein.

30.    Denied.

31.    Denied.

## SECOND CAUSE OF ACTION

### RETALIATION
### (Title VII, 42 U.S.C. §2000e-3 and WLAD, RCW 49.60.030)

32.    Defendant incorporates its prior answers as if fully set forth herein.

33.    Denied.

34.    Denied.

## THIRD CAUSE OF ACTION

### CONSTRUCTIVE DISCHARGE
### (Washington Common Law)

35.    Defendant incorporates its prior answers as if fully set forth herein.

36.    Denied.

37.    Denied.

## PRAYER FOR RELIEF

No response is required to Plaintiff's Prayer for Relief. To the extent a response is required, Defendant denies Plaintiff's Prayer for Relief and specifically denies that Plaintiff is entitled to any relief whatsoever.

## GENERAL DENIAL

Any other unaddressed allegations are hereby denied by Defendant.

## DEFENSES AND AFFIRMATIVE DEFENSES

Defendant hereby gives notice to Plaintiff that Defendant lacks sufficient knowledge or information upon which to form a belief as to the truth of certain allegations contained in Plaintiff's Complaint or specific knowledge of actions on

ANSWER TO COMPLAINT - 10
CASE NO. 2:21-cv-00129-SMJ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

132724.0005/8428708.3

the part of the Plaintiff or other persons and/or entities that may have contributed to or caused Plaintiff's damages, if any. Until Defendant has had the opportunity to avail itself of its right of discovery, Defendant cannot determine whether all of the below-stated affirmative defenses will be asserted at trial. Defendant asserts these defenses in order to preserve its right to assert them at trial, to give Plaintiff notice of Defendant's intention to assert these defenses, and to avoid any waiver of any defenses. Consistent with the Federal Rules of Civil Procedure, Defendant reserves the right to amend this answer to add, delete, and/or modify denials, affirmative defenses, or avoidances based upon orders issued by any court, or based upon legal theories, facts, and circumstances that may or will be divulged through discovery and/or further legal analysis of the parties' positions in this litigation. Defendant's affirmative defenses are as follows:

1.      Plaintiff has failed to state a claim upon which relief can be granted.

2.      Any emotional distress suffered or claimed to have been suffered by Plaintiff was not reasonable or justified under the circumstances.

3.      All employment decisions regarding or affecting Plaintiff were based upon legitimate, nondiscriminatory, and reasonable business reasons that were in no way related to Plaintiff's race.

4.      With respect to some or all Plaintiff's claims, Plaintiff has failed to timely and properly exhaust all administrative remedies.

5.      Plaintiff's recovery is barred, in whole or in part, to the extent any damages suffered by Plaintiff were proximately caused, in whole or in part, by persons and/or entities that are neither agents nor employees of Defendant, and no legal or factual basis exists for imposing liability upon Defendant for the acts or omissions of any such other persons and/or entities.

ANSWER TO COMPLAINT - 11
CASE NO. 2:21-cv-00129-SMJ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

6.      Defendant denies that Plaintiff suffered any injury, but to the extent he claims to have suffered any damage, he failed to mitigate or avoid his damages, if any, in whole or in part.

7.      Plaintiff's damages are speculative or uncertain and therefore not compensable, in whole or in part.

8.      Defendant's third cause of action, constructive discharge, is subject to dismissal because there is no cause of action under Washington law for constructive discharge.

9.      Defendant engaged in good faith efforts to comply with the civil rights laws. Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing that such conduct was not in violation of Title VII, 42 U.S.C. § 1981, or the Washington law, and therefore, Plaintiff fails to state a claim for punitive damages.

10.     Defendant is not liable for punitive damages under federal or state law, because neither Defendant, nor any of its employees sufficiently high in its organizational hierarchy, committed any act with malice or reckless indifference to Plaintiff's federally or state protected rights, or approved, authorized or ratified, or had actual knowledge, of any such acts.

11.     Plaintiff's claims are, in whole or in part, due to conditions that preexisted or are unrelated to claims alleged in the Complaint.

12.     Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

13.     Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with the charge of discrimination Plaintiff filed with the Equal Employment Opportunity Commission (EEOC) or other statute or regulation.

ANSWER TO COMPLAINT - 12
CASE NO. 2:21-cv-00129-SMJ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

132724.0005/8428708.3

14.    Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation, to the extent they were not presented to the EEOC in a timely fashion, and to the extent that they did not occur within the time frames prescribed by law under Title VII or other statute or regulation.

15.    If any improper, illegal, or discriminatory acts were taken by any employee of Defendant against Plaintiff, it was outside the course and scope of that employee's employment, contrary to Defendant's policies, and was not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to the Defendant.

16.    Defendant did not have actual or constructive knowledge of any of the alleged discriminatory acts alleged in Plaintiff's Complaint at any time material to his Complaint.

17.    If Plaintiff is able to show any discrimination occurred (which Defendant denies), Defendant reserves the right to assert a mixed motive defense.

18.    Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer an adverse employment action.

19.    Plaintiff's state law claims are subject to dismissal because he did not comply with the Washington Tort Claims Statute, RCW 4.96.020.

20.    Defendant has in place a clear and well-disseminated policy against discrimination on the basis of race and retaliation and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action. To the extent Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by the company, or to avoid harm otherwise, Plaintiff's claims of alleged discrimination are barred.

21.    Defendant took swift action in thoroughly investigating Plaintiff's complaint, and took appropriate remedial action.

ANSWER TO COMPLAINT - 13
CASE NO. 2:21-cv-00129-SMJ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

132724.0005/8428708.3

1

DATED: May 5, 2021

2

LANE POWELL PC

3

4

5

By:    *s/Michael T. Kitson*

6

Michael T. Kitson, WSBA No. 41681

7

1420 Fifth Avenue, Suite 4200
P.O. Box 91302

8

Seattle, Washington 98111-9402
Telephone:  206.223.7000

9

kitsonm@lanepowell.com

10

Attorneys for Defendant, Spokane County
Sheriff's Office

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ANSWER TO COMPLAINT - 14
CASE NO. 2:21-cv-00129-SMJ

132724.0005/8428708.3