FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 25, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREW M RICHMOND, a Washington Resident,<br><br>                 Plaintiff,<br><br>       v.<br><br>SPOKANE COUNTY, WASHINGTON, a Washington State County,<br><br>                 Defendant. | No.   2:21-cv-00129-SMJ<br><br>**ORDER REGARDING ECF NOS. 21–22, 24** |

      Before the Court are Plaintiff's Renewed Motion for Leave of Court to Amend Complaint to Add Defendant Party, ECF No. 21, Defendant's Motion to Dismiss Plaintiff's State Law Claims, ECF No. 22, and Plaintiff's Fed. R. Civ. P 12(c) Motion to Dismiss Defendant's Affirmative Defenses that Plaintiff did not Comply with RCW 4.96.020 and Exhaust EEOC Administrative Remedies, ECF No. 24. Each motion involves the same controlling issue: whether Plaintiff substantially complied with Washington's notice of claim filing statute, Wash. Rev. Code. § 4.96.020, such that his state law claims may stand. Having reviewed the relevant record, the Court is fully informed and finds that Plaintiff has not substantially complied with Section 4.96.020 and his state law claims therefore

ORDER REGARDING ECF NOS. 21–22, 24 – 1

must be dismissed.

## BACKGROUND

Plaintiff sued on March 30, 2021, asserting three claims arising out of his former employment with the Spokane County Sheriff's Office. ECF No. 1. Plaintiff asserts causes of action under Title VII, 42 U.S.C. §§ 2000e-2, 2000e-3; Washington Law Against Discrimination ("WLAD"), Wash. Rev. Code §§ 49.60.180, 49.60.030; and constructive discharge. *Id.*

On July 9, 2021, Plaintiff filed his first motion for leave of Court to amend his complaint to add two defendant parties: Spokane County and Sheriff Ozzie Knezovich. ECF No. 15. The Court granted Plaintiff leave to substitute Spokane County as a named defendant, in place of Spokane County Sheriff's Office.[1] ECF No. 19 at 8. But the Court denied Plaintiff's motion to add Sheriff Knezovich, finding that Plaintiff failed to plead compliance with Section 4.96.020. *Id.* As such, the Court explained, Plaintiff could not properly maintain a suit for his state law

---

[1] As the Court discussed in its previously issued Order, ECF No. 19, Plaintiff's original Complaint, ECF No. 1, improperly named Spokane County Sheriff's Office as a Defendant. Because Spokane County Sheriff's Office is an entity of Spokane County, Spokane County is the proper Defendant in this matter. *See Nolan v. Snohomish Cty.*, 802 P.2d 792, 796 (Wash. Ct. App. 1990) ("In a legal action involving a county, the county itself is the only legal entity capable of suing and being sued.").

ORDER REGARDING ECF NOS. 21–22, 24 – 2

claims as pled. *Id.* Nevertheless, the Court granted Plaintiff leave to renew his motion to amend.[2]

Plaintiff then filed the instant renewed motion for leave of Court, again seeking to amend his complaint to add Sheriff Knezovich as a named defendant. ECF No. 21. In his renewed motion, Plaintiff maintains that he substantially complied with Section 4.96.020. Defendant responded by filing a motion to dismiss Plaintiff's state law claims for failure to substantially comply with Section 4.96.020. ECF No. 22. Not long after, Plaintiff filed a motion to dismiss Defendant's affirmative defenses that Plaintiff did not comply with Section 4.96.020. ECF No. 24. Because each motion depends on the same controlling legal issue, the Court addresses the motions together.

## LEGAL STANDARD

**A.  Leave to Amend**

Federal Rule of Civil Procedure 15(a)(2) directs Courts to "freely give leave" to amend the pleadings "when justice so requires." Although courts must be generous in granting leave to amend, *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011), such leave is not automatic, *see Parish v. Frazier*, 195

---

[2] The Court gave Plaintiff thirty days to file a renewed motion and ordered that any renewed motion must plead compliance with Washington's statutory prerequisites to maintaining a suit against an employee of a governmental entity or its employee. *See* Wash. Rev. Code. § 4.96.020.

ORDER REGARDING ECF NOS. 21–22, 24 – 3

F.3d 761, 763 (5th Cir. 1999). Granting leave to amend is within the discretion of the trial court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Courts consider several factors, including (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; (5) and whether the plaintiff has previously amended the complaint. *Corinthian Colleges*, 655 F.3d at 995. An amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff–Sexton*, 845 F.2d 209, 214 (9th Cir. 1988).

**B.     Dismissal for Failure to State a Claim or Defense**

This Court has previously held that "[a] motion to dismiss for failure to state a claim under Rule 12(c) is functionally equivalent to a Rule 12(b)(6) motion to dismiss, and the same standard applies." *Waldron v. Cty. of Chelan*, No. 2:15-CV-00337-SMJ, 2016 WL 5886881, at *2 (E.D. Wash. Oct. 7, 2016); *see also Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988). In assessing the sufficiency of a complaint, the Court accepts the facts alleged in the complaint as true. *Id.* Where a court grants a motion to dismiss, it should grant leave to amend unless any amendment would be futile. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

# DISCUSSION

**A.     Washington's Notice of Claim Filing Statute—Wash. Rev. Code. § 4.96.020.**

Under Washington law, a plaintiff seeking damages against a governmental entity or its employee must comply with Washington's notice of claim filing statute. *See generally* Wash. Rev. Code. § 4.96.020. Before asserting a claim for damages against employees of governmental entities acting in such capacity, a claimant must satisfy certain claim filing requirements. Wash. Rev. Code. § 4.96.020. First, claims for damages must "be presented to an agent within the applicable period of limitations" and are "deemed presented when the claim form is delivered" to the agent. § 4.96.020(2). In addition, the claim form must set forth certain required information. § 4.96.020(3).

The statute's requirements are "liberally construed so that substantial compliance will be deemed satisfactory." § 4.96.020(5). While the statute is not intended to be applied as a "gotcha" statute, *Garza v. City of Yakima*, No. 13-CV-3031-TOR, 2014 WL 2452815, at *5 (E.D. Wash. June 2, 2014), an "attempt at compliance must actually accomplish the statutory purpose," *Renner v. City of Marysville*, 187 P.3d 283, 287 (Wash. Ct. App. 2008), *aff'd*, 230 P.3d 569 (Wash. 2010). The purpose of Section 4.96.020 is to give governments time to investigate potential claims and to encourage settlement. *Lee v. Metro Parks Tacoma*, 335 P.3d 1014, 1017 (Wash. Ct. App. 2014).

### 1. Plaintiff's Renewed Motion Again Fails to Plead Substantial Compliance with Section 4.96.020.

Plaintiff argues that "the delivery of the EEOC Charge of Discrimination and subsequent position statement, Rebuttal exchanges and Tort Claim satisfies RCW 4.96.020's liberally construed substantial compliance standard." ECF No. 21 at 5. The Court disagrees.

As an initial matter, the Court notes that Plaintiff's arguments are largely identical to those set forth in his first motion to amend, which the Court denied. ECF No. 19. The only newly identified fact is that Plaintiff belatedly served his tort claim on Spokane County on August 19, 2021. *See* ECF No. 21-3. As Plaintiff acknowledges, this tort claim was served nearly five months *after* Plaintiff initiated suit, not before, as required by the statute. Accordingly, the Court declines to consider the late tort claim in assessing whether Plaintiff substantially complied with Section 4.96.020.

Although the Court has already discussed why the delivery of Plaintiff's EEOC charge, the Sheriff's Office's position statement, and Plaintiff's rebuttal statement are insufficient to show substantial compliance, it briefly does so again here. These communications, ECF Nos. 17-1, 18-1, 21-2, "were in furtherance…of proceedings specific to that time period," namely: Plaintiff's charge of discrimination filed with the EEOC. *Wong v. Seattle Sch. Dist. No. 1*, No. C16-1774 RAJ, 2018 WL 1035799, at *2 (W.D. Wash. Feb. 23, 2018). Even a generous

ORDER REGARDING ECF NOS. 21–22, 24 – 6

reading of the communications does not reveal any indication that this federal lawsuit was forthcoming or that Plaintiff eventually intended to sue. "Settling claims prior to bringing a federal lawsuit is a fundamental purpose behind the notice statute at issue," *id.,* but Spokane County would have no reason to engage in settlement negotiations without an indication that Plaintiff intended to sue it. While Defendant may have been on notice of Plaintiff's grievances, disputing the merits of an EEOC charge does not automatically evidence an intent to file a lawsuit.

For this reason, and the reasons identified in the Court's previous Order, ECF No. 19, the Court finds that Plaintiff failed to sufficiently place Spokane County on notice that he intended to file the instant lawsuit. Accordingly, Plaintiff's state law claims must be dismissed for failure to allege sufficient facts under a cognizable legal theory. The Court, however, dismisses Plaintiff's claims without prejudice. Plaintiff may refile his claims in the appropriate court once he substantially complies with Section 4.96.020.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Renewed Motion for Leave of Court to Amend Complaint to Add Defendant Party, **ECF No. 21**, is **GRANTED IN PART** and **DENIED IN PART**.

    A. The Clerk's Office is directed to **SUBSTITUTE** Defendant Spokane County, Washington for Spokane County Sheriff's

Office.

  **B.** Plaintiff's request to add Sheriff Ozzie Knezovich as a named defendant is **DENIED**.

2. Defendant's Motion to Dismiss Plaintiff's State Law Claims, **ECF No. 22**, is **GRANTED**.

  **A.** Plaintiff's Constructive Discharge claim, **ECF No. 1 at 17**, and Plaintiff's Washington Law Against Discrimination claim, **ECF No. 1 at 15**, are **DISMISSED WITHOUT PREJUDICE**, with all parties to bear their own fees, costs, and expenses.

3. Plaintiff's Fed. R. Civ. P 12(c) Motion to Dismiss Defendant's Affirmative Defenses that Plaintiff did not Comply with RCW 4.96.020 and Exhaust EEOC Administrative Remedies, **ECF No. 24**, is **DENIED AS MOOT**.

4. The Clerk's Office is directed to **AMEND** the caption as follows:

ANDREW M. RICHMOND, a Washington Resident,

Plaintiff,

v.

SPOKANE COUNTY, WASHINGTON, a Washington State County,

Defendant.

//

//

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 25th day of October 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER REGARDING ECF NOS. 21–22, 24 – 9