FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 03, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREW M RICHMOND, a Washington Resident,<br><br>Plaintiff,<br><br>v.<br><br>SPOKANE COUNTY, WASHINGTON, a Washington State County,<br><br>Defendant. | No. 2:21-cv-00129-SMJ<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL** |

Before the Court, without oral argument, is Plaintiff Motion to Compel, ECF No. 63. Counsel for Plaintiff submits that they have conferred in good faith with Defendant to resolve this discovery disputes without engaging the Court. Such attempt has been unsuccessful, and Plaintiff now moves to compel Defendant to produce deposition transcripts from related litigation. Having reviewed the relevant record, the Court is fully informed and grants in part and denies in part the motion.

## BACKGROUND

Plaintiff Andrew Richmond is a black law enforcement officer who previously worked for the Spokane County Sheriff's Office (the "SCSO"). In this employment discrimination case, Officer Richmond alleges that in 2018, he

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL – 1

overheard and reported then-Sergeant Jefferey Thurman asking another officer if he was "ready to kill some [n-words[1]]," and that despite this abhorrent conduct and the SCSO's awareness of Mr. Thurman's other instances of racist behavior, the SCSO promoted Mr. Thurman to Mr. Richmond's direct supervisor. ECF No. 45 at 4–6. As an example of SCSO's awareness of Mr. Thurman's conduct, Officer Richmond notes that SCSO Undersheriff Dave Ellis, who is allegedly close friends with Mr. Thurman, "testified in deposition that he condoned Mr. Thurman being promoted to Officer Richmond's supervisor, even though [he] likely heard Mr. Thurman use [the racial slur] to speak negatively about Black people more than 25 times." ECF No. 63.

After Mr. Thurman was terminated in 2019, he filed a claim with Spokane County alleging defamation. After the parties failed to reach a resolution, Mr. Thurman filed a lawsuit in state court ("the Thurman lawsuit"). According to new sources, Mr. Thurman's claims against Spokane County suggest that Officer Richmond fabricated his complaints against Mr. Thurman. *See, e.g.*, *Former Sheriff's Sergeant Files $12.5 Million Defamation Claim After Allegations of Sexual Harassment and Violent, Racist Remark*, SPOKESMAN-REVIEW (July 2, 2019), https://www.spokesman.com/stories/2019/jul/02/former-sheriffs-sergeant-

---

[1] Officer Richmond alleges that Mr. Thurman used the actual racial slur, but the Court elects to refer to the word as the "n-word" here. Elsewhere, the Court will refer to the slur as "the racial slur."

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL – 2

files-125-million-defamat/. (noting that Mr. Thurman's claim alleges that "Sheriff Knezovich knew or reasonably should have know that no competent evidence supported Jeffery Thurman's having ever made such a statement."). Given this, Officer Richmond proffers that "[t]he issues in [Mr. Thurman's] lawsuit are central to the allegations" in this instant lawsuit, as "Mr. Thurman's lawsuit centers on his claim that Mr. Richmond's allegations of discrimination are false." ECF No. 63 at 2, 5–6.

Plaintiff now moves to compel Defendant to produce certain deposition transcripts in the Thurman lawsuit. Though Plaintiff has admittedly known of the Thurman lawsuit since its inception, he avers that during the March 2022 depositions of Sergeant Hines and Undersheriff Ellis in this instant lawsuit, he "learned that [Defendant] possessed deposition transcripts of those witnesses from [the Thurman lawsuit], as well as deposition transcripts of others witnesses." ECF No. 63 at 6. Though Plaintiff admits he does not know the precise contents of the desired transcripts, he submits that they likely contain information material to this instant matter. *Id.* at 7. He further submits that the transcripts are "fairly encompassed" by numerous requests for production ("RFPs"). *Id.*

On March 9, 2022, and March 11, 2022, Plaintiff's counsel emailed defense counsel requesting the transcripts. ECF No. 63-3 at 5. Defendant's counsel declined, stating "[w]e do not believe a fair reading of any of the RFPs you've cited

encompass the deposition transcripts." ECF No. 63-3 at 1. The parties met and conferred on March 14, 2022 but did not reach an agreement on the matter. *Id.* In its response to Plaintiff's instant motion, Defendant maintains that Plaintiff's discovery requests do not cover the transcripts and otherwise contends that Plaintiff's motion is untimely.[2] *See generally* ECF No. 66.

## LEGAL STANDARD

A district court has wide discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Moreover, pre-trial discovery is ordinarily "accorded a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). If no claim of privilege applies, the production of evidence can be compelled regarding any matter "relevant to the subject matter involved in the action" or "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). This broad right of discovery is based on the general

---

[2] Pursuant to the Court's June 25, 2021 Scheduling Order, "[a]ll motions to compel discovery must be filed and served no later than thirty (30) days prior to the Discovery Cutoff." ECF No. 13 at 5. Nevertheless, Plaintiff filed the instant motion on March 16, 2022, two days before the March 18, 2022 Discovery Cutoff. *Id.* at 4. Plaintiff attributes the delay to his not knowing the transcripts existed until the March 2022 depositions of Sergeant Hines and Undersheriff Ellis. ECF No. 63 at 6. Defendant counters that Plaintiff has long known about the Thurman lawsuit and that "Plaintiff's counsel's assertion that they just learned there were depositions of others in the Thurman litigation is disingenuous." ECF No. 66 at 6. But general knowledge of another lawsuit does not necessarily mean Plaintiff's counsel knew, or could correctly guess, all persons deposed as a part of that litigation. For that reason, and because Plaintiff ultimately discovered the depositions prior to the close of discovery, the Court will consider Plaintiff's untimely motion.

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL – 4

principle that litigants have a right to "every man's evidence," and that "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for truth." *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993). The Federal Rules of Civil Procedure reflect this principle of permitting broad discovery:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

The Court can limit discovery if it determines the "party seeking discovery had ample opportunity to obtain the information." *Id.* 26(b)(2)(C)(ii). If a party refuses to provide discovery sought by an opposing party, the opposing party may bring a motion to compel discovery under Rule 37(a).

## DISCUSSION

Upon review of the relevant record, the Court finds that Plaintiff's RFP No. 12 reasonably encompasses the requested transcripts. A discovery request "must describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). "The test for reasonable particularity is

whether the request places a party upon reasonable notice of what is called for and what is not." *Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 570 (C.D. Cal. 2012) (citations and internal quotation marks omitted). What is reasonably particular depends upon the specific facts of the case, though every request must place "the party upon reasonable notice of what is called for and what is not." *Lopez v. Chertoff*, No. CV 07-1566-LEW, 2009 WL 1575214, at *2 (E.D. Cal. June 2, 2009).

Here, Plaintiff's RFP No. 12 requests Defendant produce:

> [A]ll documents concerning Plaintiff's complaints of discrimination and retaliation by defendant, including all notes, emails, text messages, correspondences and memorandum (including the memorandum (unredacted) read and circulated on or about June 13, 2019 concerning Srgt. Jeff Thurman's termination) concerning meetings or discussions by Defendant's employees, faculty and/or supervisors concerning Plaintiff's complaints of discrimination and retaliation by Defendant.

ECF No. 63-6 at 3.

This RFP explicitly requests documents regarding Plaintiff's claims of discrimination and retaliation by Defendant, "including…[documents] concerning meetings or discussions by Defendant's employees." *Id.* Transcripts of the depositions of Defendant's employees in a lawsuit questioning the integrity of Mr. Richmond's discrimination complaints plainly fall within this request. Defense counsel, who are counsel in both this matter and the Thurman lawsuit, knew about and possessed these transcripts at the time Plaintiff served his discovery request.

Yet, apparently for months, defense counsel have withheld obviously relevant documents based on an overtechnical reading of a straightforward and defined discovery request.

Had Plaintiff broadly requested all documents relating to his claims, the Court's conclusion would be different. But the Court is satisfied that Plaintiff explicitly requesting documents concerning communications by SCSO employees adequately narrowed what might otherwise be an overbroad request. Defendant's contention that RFP No. 12 "clearly seeks Spokane County documents related to Plaintiff's May 8, 2019 complaint of discrimination made to the Spokane County Sheriff's Office ("SCSO")" is unavailing to the Court for two reasons. First, the Court does not find this to be a fair reading of the request, as Plaintiff clearly requests documents relating to all Plaintiff's complaints of discrimination made to SCSO personnel, *as well as* the claims set forth in this lawsuit. Second, even if the Court were to accept Defendant's reading, it would still find the transcripts responsive to a request for documents related to Plaintiff's May 8, 2019 complaint. The Thurman litigation is based, at least in part, on the premise that Plaintiff's complaints to SCSO personnel were false or otherwise overstated, so the issues in the Thurman lawsuit directly touch on the issues here.

According Plaintiff's request a broad and liberal treatment, as the Court must, the Court finds that RFP No. 12 reasonably encompasses the requested transcripts

and that Defendant's position was not substantially justified. On this point, the Court finds that reasonable persons could not differ as to whether RFP No. 12 requested the transcripts of SCSO employees' depositions in a directly related lawsuit. The Court will therefore order Defendant to produce the requested transcripts and pay the fees associated with bringing this instant motion.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Compel, **ECF No. 63**, is **GRANTED**.
1. Plaintiff's request for fees, *see* **ECF No. 63 at 11–12**, is **GRANTED**.
   A. Plaintiff shall file a memorandum within **two weeks of this Order** outlining its expenses incurred in making this motion for the Court's review and approval.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 3rd day of June 2022.

SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL – 8