FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 13, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREW M RICHMOND, a Washington Resident,<br><br>Plaintiff,<br><br>v.<br><br>SPOKANE COUNTY, WASHINGTON, a Washington State County,<br><br>Defendant. | No. 2:21-cv-00129-SMJ<br><br>**ORDER REGARDING ATTORNEY FEES** |

Before the Court is Plaintiff's Amended Memorandum in Support of Petition for Attorney Fees Incurred in Motion to Compel, ECF No. 85. On June 3, 2022, the Court granted Plaintiff's motion to compel Defendant to produce deposition transcripts from related litigation. ECF No. 79. The Court found that Defendant's position in withholding the transcripts was not substantially justified and directed Plaintiff's attorneys to file a memorandum outlining the expenses incurred in bringing the motion the compel. *Id.* Having reviewed the memorandum and supporting documents, the Court awards Plaintiff's counsel attorney fees as delineated below.

//

ORDER REGARDING ATTORNEY FEES – 1

## DISCUSSION

Federal Rule of Civil Procedure 37(a)(5)(A) provides that if the court grants a motion to compel discovery, it "must" order the non-moving party to pay the moving party's "reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). This Rule provides for various exceptions, one of them being when the opposing party's nondisclosure, response, or objection was substantially justified. *Id.* Here, however, the Court has already determined that Defendant's position in refusing to disclose the deposition transcripts was not substantially justified. The only issue now remaining before the Court is the appropriate amount of fees to award to Plaintiff's counsel.

Plaintiff's counsel Heather Barden seeks $8,040.40 in attorney fees incurred by her and counsel Jay Corker Free in bringing the motion to compel the transcripts. ECF No. 85. The memorandum is supported by the declaration of Plaintiff's counsel Heather Barden who attests that her hourly rate is $300 per hour which is reasonable considering her six years of experience. ECF No. 84-2. The memorandum is also supported by the declaration of Plaintiff's counsel Beth Bloom who supervises counsel Jay Corker Free and attests that Mr. Free's rate of $300 per hour is reasonable considering his over six years of experience, academic success in law school, and his recognition as a "Rising Star" by Thompson Reuters Super Lawyers in 2019, 2020, 2021, and 2022. ECF No. 84-1. Given the experience and

achievements of Ms. Barden and Mr. Corker Free, the Court finds that $300 per hour is a reasonable rate in the Spokane market.

However, the Court declines to award the full amount of fees requested by Plaintiff's counsel. In her declaration, Ms. Bloom avers that Mr. Corker Fee was the primary drafter for the motion to compel and incurred 14.6 hours of expenses in bringing the motion. ECF No. 85-2 at 2. Of that time, .2 hours were spent preparing for the parties' meet and confer obligation, and the remainder of the time was spent researching applicable law and drafting and revising the motion and reply. *Id.* Ms. Barden represents that she was the secondary drafter for the motion and incurred 4.5 hours in expenses related to the motion to compel, in addition to 7.7 hours of expenses in preparing the instant memorandum for attorney fees. ECF No. 85-1 at 2–3. In total, counsel requests 26.8 hours of attorney fees for a total of $8,040.40.

Having reviewed and considered the instant memorandum and supporting declarations, the Court will award attorney fees in the amount of $4,020 for 13.4 hours of counsel's time at the rate of $300 per hour. The motion to compel in this case involved one simple and straightforward issue not reasonably requiring the work of two attorneys. Many of the submitted hours are redundant and excessive. For example, the motion to compel was a 13-page document that largely recited the pertinent case background and relevant legal standard. *See* ECF No. 63. Though the motion was supported by attachments that certainly took counsel some time to comb

ORDER REGARDING ATTORNEY FEES – 3

through, the Court finds that it is not reasonable to award counsel fees for nearly 10 hours of drafting, revising, and editing a 13-page document. See ECF Nos. 85-2 at 2. Additionally, counsel seeks fees for .2 hours spent preparing for the parties' meet and confer. This time would have been spent whether or not a motion to compel was filed, as required by the Local Rules and the Federal Rules of Civil Procedure. Finally, the Court finds that Ms. Barden's 7.7 hours of work in preparing the memorandum for attorney fees is excessive. For these reasons, the Court reduces the amount of fees requested by 50 percent and will award Plaintiff attorney fees in the amount of $4,020. Of this amount, Mr. Corker Fee is entitled to $2,190 for 7.3 hours at the rate of $300 per hour. Ms. Barden is entitled to $1,830 for 6.1 hours of work also at the rate of $300 per hour.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant Spokane County shall pay to Plaintiff the sum of **$4,020.00** as reasonable attorney fees pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) **within thirty (30) days of the date of this Order**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

DATED this 13th day of July 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER REGARDING ATTORNEY FEES – 4